# COMMONWEALTH OF VIRGINIA



LOUDOUN CIRCUIT COURT
Civil Division
18 E MARKET ST/PO BOX 550
LEESBURG VA 20178-0550
(703) 777-0270

Summons

To: BANK OF AMERICA NA
SERVE: CT CORPORATION SYSTEM
REGISTERED AGENT
4701 COX RD STE 285
GLEN ALLEN VA 23060

Case No. 107CL00097512-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, November 30, 2015

Clerk of Court: GARY M CLEMENS

by _____K Walker_____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: FRANCIS, ERNEST P
505 WYTHE STREET
703-683-5696
ALEXANDRIA VA 22314

Exhibit A

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. CL 97912
(CLERK'S OFFICE USE ONLY)

Loudoun County ............................................ Circuit Court

Keith T. Saylor ........................... v./In re: Bank of America, N.A.
PLAINTIFF(S) — DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
Subsequent Actions
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
Business & Contract
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
Property
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
Tort
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

**MISCELLANEOUS**
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[X] Other (please specify)

Fair Credit Reporting Act

[X] Damages in the amount of $ 24,000.00 are claimed.

November 25, 2015
DATE

_Ernest P. Francis_ (signature)
[ ] PLAINTIFF [ ] DEFENDANT [•] ATTORNEY FOR [•] PLAINTIFF
                                                 [ ] DEFENDANT

Ernest P. Francis
PRINT NAME

505 Wythe Street, Alexandria, VA 22314
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

(703) 683-5696

epfrancis@tristateconsumerlawyer.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/14

# Civil Action Type Codes
## (Clerk's Office Use Only)

| | |
|---|---|
| Accounting | ACCT |
| Adoption | ADOP |
| Adoption – Foreign | FORA |
| Adult Protection | PROT |
| Aid and Guidance | AID |
| Annexation | ANEX |
| Annulment | ANUL |
| Annulment – Counterclaim/Responsive Pleading | ACRP |
| **Appeal/Judicial Review** | |
|   ABC Board | ABC |
|   Board of Zoning | ZONE |
|   Compensation Board | ACOM |
|   DMV License Suspension | JR |
|   Employment Commission | EMP |
|   Employment Grievance Decision | GRV |
|   Local Government | GOVT |
|   Marine Resources | MAR |
|   School Board | JR |
|   Voter Registration | AVOT |
|   Other Administrative Appeal | AAPL |
| **Appointment** | |
|   Conservator of Peace | COP |
|   Church Trustee | AOCT |
|   Custodian/Successor Custodian (UTMA) | UTMA |
|   Guardian/Conservator | APPT |
|   Marriage Celebrant | ROMC |
|   Standby Guardian/Conservator | STND |
| Asbestos Litigation | AL |
| Attachment | ATT |
| Bond Forfeiture Appeal | BFA |
| Child Abuse and Neglect – Unfounded Complaint | CAN |
| Civil Contempt | CCON |
| Claim Impleading Third Party Defendant – Monetary Damages/No Monetary Damages | CTP |
| Complaint – (Miscellaneous) | COM |
| Compromise Settlement | COMP |
| Condemnation | COND |
| Confessed Judgment | CJ |
| Contract Action | CNTR |
| Contract Specific Performance | PERF |
| Counterclaim – Monetary Damages/No Monetary Damages | CC |
| Cross Claim | CROS |
| Declaratory Judgment | DECL |
| Declare Death | DDTH |
| Detinue | DET |
| **Divorce** | |
|   Complaint – Contested/Uncontested | DIV |
|   Counterclaim/Responsive Pleading | DCRP |
|   Reinstatement – Custody/Visitation/Support/Equitable Distribution | CVS |
| **Driving Privileges** | |
|   Reinstatement pursuant to § 46.2-427 | DRIV |
|   Restoration – Habitual Offender or 3rd Offense | REST |
| Ejectment | EJET |
| Encumber/Sell Real Estate | RE |
| Enforce Vendor's Lien | VEND |
| Escheatment | ESC |
| Establish Boundaries | ESTB |
| Expungement | XPUN |
| Forfeiture of U.S. Currency | FORF |
| Freedom of Information | FOI |
| Garnishment | GARN |
| Injunction | INJ |
| Intentional Tort | ITOR |
| Interdiction | INTD |
| Interpleader | INTP |
| Interrogatory | INTR |
| Judgment Lien – Bill to Enforce | LIEN |
| Landlord/Tenant | LT |
| Law Enforcement/Public Official Petition | LEP |
| Mechanics Lien | MECH |
| Medical Malpractice | MED |
| Motor Vehicle Tort | MV |
| Name Change | NC |
| Other General Tort Liability | GTOR |
| Partition | PART |
| Permit, Unconstitutional Grant/Denial by Locality | LUC |
| Petition – (Miscellaneous) | PET |
| Product Liability | PROD |
| Quiet Title | QT |
| Referendum Elections | ELEC |
| Reinstatement (Other than divorce or driving privileges) | REIN |
| Removal of Case to Federal Court | REM |
| Restore Firearms Rights – Felony | RFRF |
| Restore Firearms Rights – Review | RFRR |
| Separate Maintenance | SEP |
| Separate Maintenance – Counterclaim/Responsive Pleading | SCRP |
| Sever Order | SEVR |
| **Taxes** | |
|   Correct Erroneous State/Local | CTAX |
|   Delinquent | DTAX |
| Termination of Mineral Rights | MIN |
| Trust – Impress/Declare | TRST |
| Trust – Reformation | REFT |
| Uniform Foreign Country Money Judgments | RFCJ |
| Unlawful Detainer | UD |
| Vehicle Confiscation | VEH |
| Voting Rights – Restoration | VOTE |
| Will Construction | CNST |
| Will Contested | WILL |
| **Writs** | |
|   Certiorari | WC |
|   Habeas Corpus | WHC |
|   Mandamus | WM |
|   Prohibition | WP |
|   Quo Warranto | WQW |
| Wrongful Death | WD |

VIRGINIA:

IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

| | |
|---|---|
| KEITH T. SAYLOR<br>39491 Meadowlark Drive<br>Hamilton, VA 20158<br><br>Plaintiff<br><br>v.<br><br>BANK OF AMERICA, N.A.<br>100 North Tryon Street, Suite 120<br>Charlotte, NC 28202<br><br>Serve:<br><br>CT Corporation System<br>Registered Agent<br>4701 Cox Road, Suite 285<br>Glen Allen, VA 23060<br><br>Defendant. | Civil Action No. CL 97512 |

## COMPLAINT

Plaintiff Keith T. Saylor ("Saylor"), by his undersigned counsel, brings this action against Defendant Bank of America, N.A., and for his complaint in this action alleges as follows:

1. This Court is one of "competent jurisdiction" within the meaning of that term in in 15 U.S.C. § 1681p for an action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

2. Plaintiff is an individual who at all times pertinent to the allegations in this complaint maintained his residence at 39491 Meadowlark Drive in Hamilton, Virginia.

3. Defendant is a national bank organized under the laws of the United States.

4. Defendant is engaged in the business of extending credit to individuals through credit cards, which individuals use to purchase goods and services.

5. Defendant alleges that it extended credit to Saylor through Saylor's use of two credit cards issued by Defendant.

6. Defendant (beginning in 1997 for one credit card and 2001 for the other credit card) reported to the Equifax, Experian, and Trans Union consumer reporting agencies information about that debt allegedly created when Saylor used the credit cards issued by Defendant.

7. The business of those consumer reporting agencies is to regularly assemble information on the payment of consumer debts by individuals so that such information can be furnished to third parties in the form of consumer reports, which are communications by those entities as to an individual's creditworthiness, credit standing, credit capacity to third parties (such as financial institutions) for use by those third parties in establishing the eligibility of individuals for credit or insurance to be used as primarily for personal, family, or household purposes.

8. The TransUnion, Equifax, and Experian consumer reporting agencies each collect millions of dollars in fees each year from financial institutions such as Defendant to purchase consumer reports from those entities in order to use those reports in determining either whether to grant credit to individuals for their personal, family, or household purposes or the likelihood of collection of a delinquent account.

9. The TransUnion, Equifax, and Experian consumer reporting agencies each use the means and facilities of interstate commerce for obtaining information for inclusion in the consumer reports and then transmitting those consumer reports to those entities that pay for them.

10. As of October, 2013, Defendant was reporting that Saylor's accounts with it had been charged off.

11. In fact the statement that the account had been charged off was false because Defendant itself had reported that the amount charged off was zero.

12. By letters dated October 25, 2013, and addressed to the TransUnion, Equifax, and Experian consumer reporting agencies Plaintiff Saylor disputed what Defendant had reported to those agencies about the debt Saylor allegedly owed to Defendant.

13. These letters from Plaintiff Saylor to the aforementioned consumer reporting agencies were mailed to those agencies on November 2, 2013, and were received at those agencies after November 2, 2013.

14. The TransUnion, Equifax, and Experian consumer reporting agencies each transmitted to Defendant the contents of the respective October 25, 2013, letter that each had received from Saylor.

15. When Defendant received from the aforementioned consumer reporting agencies the contents of the October 25, 2013, letters by which Plaintiff Saylor had disputed what Defendant was reporting, Defendant (later in November, 2013) verified to those agencies what it had previously reported.

16. Defendant also failed to report to any of the consumer reporting agencies that Saylor disputed what Defendant had reported to those agencies as to Saylor's account.

17. Plaintiff Saylor first became aware of what Defendant verified to the consumer reporting agencies as to the alleged debt of Saylor to Defendant on or after November 26, 2013, since the Experian consumer reporting agency mailed Saylor the result of its investigation into Saylor's written dispute on November 25, 2013.

## COUNT I
## 15 U.S.C. § 1681n

18. Plaintiff incorporates herein by reference the preceding paragraphs 1 through 17 as if the same were fully set forth herein.

19. When Defendant verified that Saylor's account had been charged off, Defendant failed to perform an investigation in response to Saylor's dispute as to what Defendant had reported to the consumer reporting agencies about the debt owed by Saylor.

20. In fact, Defendant's own records showed that what it had reported concerning the debt owed by Saylor was false or misleading since no charge off had occurred because (as Defendant itself reported) the amount charged off was zero.

21. Moreover, the payment history that Defendant reported to TransUnion for the account showed that no chargeoff had occurred.

22. Defendant also reported to Equifax that the account was paid as agreed with no late payments.

23. Had Defendant performed an investigation into whether it had charged off Plaintiff Saylor's account, it would not have verified that the account was charged off.

24. Defendant also knew that Saylor had disputed what Defendant had reported and that the failure to report the account as disputed rendered what Defendant had reported as misleading.

25. In deliberately failing to consult its own records as to Saylor's account and thereby failing to perform an investigation in response to Saylor's dispute concerning the debt, and in failing to report that Saylor disputed what Defendant had reported, Defendant acted willfully.

26. Under 15 U.S.C. § 1681n, a successful plaintiff under that section may recover reasonable attorney's fees from the Defendant.

## COUNT II
## 15 U.S.C. § 1681o

27. Plaintiff incorporates herein by reference the preceding paragraphs 1 through 24 as if the same were fully set forth herein.

28. In the alternative to the allegations of the preceding paragraph 25, Defendant's verification of what it had reported as to Saylor's account without consulting its own records concerning the account was negligent since reasonable care required Defendant to consult its own records.

29. Defendant was also negligent in failing to report that Saylor disputed the accounts when Defendant knew that he disputed the accounts.

30. As a result of Defendant's failure to perform an investigation prior to verifying what it had reported to the consumer reporting agencies, Plaintiff has suffered damages in the form of diminution of credit rating, and this will lead to a denial of credit.

31. Under 15 U.S.C. § 1681o, a successful plaintiff under that section may recover reasonable attorney's fees from the defendant.

WHEREFORE, Plaintiff prays for judgment in the amount of $24,000 against Defendant for actual, statutory, and punitive damages, an award of prejudgment interest on that amount and his reasonable attorney's fees (on the grounds set forth in the preceding paragraphs 26 and 31), and his costs incurred in this action.

KEITH T. SAYLOR
By Counsel

*Ernest P. Francis*
Ernest P. Francis
VSB #27276
ERNEST P. FRANCIS, LTD.
505 Wythe Street
Alexandria, VA 22314
(703) 683-5696
Fax (703) 683-2785
E-mail: epfrancisltd@verizon.net

Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.

*Ernest P. Francis*
Ernest P. Francis