**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| KEITH T. SAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | Case No. 1:16-cv-00032 (CMH/IDD) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Bank of America, N.A. (the "Bank"), by counsel and pursuant to the Federal Rules of Civil Procedure, respectfully states as follows for its Answer and Affirmative Defenses in response to the Complaint (ECF No. 1-1) filed by the Plaintiff, Keith T. Saylor ("Saylor"):

1. The statement in paragraph 1 is a conclusion of law to which no response is required; to the extent any response is required, the Bank denies the allegations.

2. In response to paragraph 2, the Bank admits only that the Plaintiff is an individual. The Bank lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2 and, therefore, the Bank denies the allegations.

3. The Bank admits the allegations in paragraphs 3 and 4.

4. In response to paragraph 5, the Bank admits only that Saylor has opened two credit-card accounts (the "Accounts") with the Bank: one with an account number ending in 8205 and previously 9645 (the "8205 Account"), which Saylor opened on or about March 18, 1997; and a second with an account number ending in 4442 and previously 3017 (the "4442 Account"), which Saylor opened on or about February 14, 2001. The Bank further admits that

Saylor used the Accounts to make purchases. The Bank denies any remaining allegations in paragraph 5.

5. In response to paragraph 6, the Bank admits only that it has furnished accurate information concerning Saylor's responsibility for the Accounts to the consumer reporting agencies ("CRAs"). The Bank denies any remaining allegations in paragraph 6.

6. The Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 7 through 9 and, therefore, the Bank denies the allegations.

7. In response to paragraph 10, the Bank admits only that Saylor's Accounts were both charged off as losses to the Bank. The Bank further admits that it correctly reported the Accounts as having been charged off. The Bank denies any remaining allegations in paragraph 10.

8. The Bank denies the allegation in paragraph 11.

9. The Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 12 and 13 and, therefore, the Bank denies the allegations.

10. In response to paragraph 14, the Bank admits only that it received three communications from the CRAs in November 2013 concerning the 8205 Account and three communications concerning the 4442 Account. The Bank further admits that the communications from Equifax and Trans Union included copies of letters dated October 23, 2015 in which Plaintiff purported to dispute the accuracy of the Bank's reporting of the Accounts. The Bank further admits that, in response to those communications, the Bank correctly updated its reporting of both Accounts to reflect that "Account paid in full was a charge off." The Bank denies any remaining allegations in paragraph 14.

11. The Bank denies the allegations in paragraphs 15 and 16.

12. The Bank lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and, therefore, the Bank denies the allegations.

13. In response to paragraph 18, the Bank restates and reincorporates its responses to paragraphs 1 through 17 as if fully set forth below.

14. The Bank denies the allegations in paragraphs 19 through 25.

15. The statement in paragraph 26 is a conclusion of law to which no response is required; to the extent any response is required, the Bank denies the allegations.

16. In response to paragraph 27, the Bank restates and reincorporates its responses to paragraphs 1 through 26 as if fully set forth below.

17. The Bank denies the allegations in paragraphs 28 through 30.

18. The statement in paragraph 31 is a conclusion of law to which no response is required; to the extent any response is required, the Bank denies the allegations.

19. In response to the "WHEREFORE" clause following paragraph 31, the Bank denies that Saylor is entitled to relief from the Bank under any theory.

20. The Bank denies all allegations in the Complaint except for those expressly admitted in the preceding paragraphs.

## **AFFIRMATIVE DEFENSES**

The Bank, for its Affirmative Defenses, states as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Saylor's claims are barred in whole or in part by applicable statutes of limitation and/or the doctrine of laches.

3. Saylor's claims may be barred in whole or in part because Saylor has suffered no actual injury and therefore have no standing to bring a statutory claim. *See Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (granting certiorari in the question of whether Congress may

confer Article III standing upon a Saylor who suffers no actual harm and, therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute).

4. If Saylor suffered or sustained any loss, injury, damage, or detriment, which the Bank denies, Saylor failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Saylor, if any, should be reduced accordingly or eliminated entirely.

5. The damages complained of, if any, were the result of Saylor's own actions and were not proximately caused by the actions or omissions of the Bank.

6. The Bank expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant Bank of America, N.A. requests that the Court enter judgment in its favor as to each and every claim made by Saylor; an order dismissing the Complaint with prejudice and awarding the Bank's costs of suit, including attorneys' fees; and that the Court grant the Bank all other relief the Court may deem just and equitable.

DATED:  February 9, 2016                                   Respectfully submitted,

                                                           BANK OF AMERICA, N.A.

                                                           *By Counsel*


/s/ Justin M. Sizemore
Justin M. Sizemore (VSB #71859)
Travis A. Sabalewski (VSB #47368)
REED SMITH LLP
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1700
Richmond, Virginia  23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
jsizemore@reedsmith.com
tsabalewski@reedsmith.com
*Counsel for Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2016, the foregoing was filed electronically. Parties may access this filing through the Court's CM/ECF system. Notice of this filing also will be sent to the following counsel of record by operation of the Court's electronic filing system:

>Earnest P. Francis, Esquire
>EARNEST P. FRANCIS, LTD
>505 Wythe Street
>Alexandria, VA 22314
>epfrancisltd@verizon.net
>
>*Counsel for Plaintiff Keith T. Saylor*

>/s/ Justin M. Sizemore
>Justin M. Sizemore (VSB #71859)
>Reed Smith LLP
>Riverfront Plaza - West Tower
>901 East Byrd Street, Suite 1700
>Richmond, VA 23219
>Telephone: (804) 344-3400
>Facsimile: (804) 344-3410
>jsizemore@reedsmith.com
>Counsel for Bank of America, N.A.